| | |
|---|---|
| 1 | JAN P. WEIR (SBN 106652) |
| | Email: jweir@sycr.com |
| 2 | DOUGLAS Q. HAHN (SBN 257559) |
| | Email: dhahn@sycr.com |
| 3 | SALIL BALI (SBN 263001) |
| | Email: sbali@sycr.com |
| 4 | STRADLING YOCCA CARLSON & RAUTH |
| | 660 Newport Center Drive, Suite 1600 |
| 5 | Newport Beach, CA 92660-6422 |
| | Telephone: (949) 725-4000 |
| 6 | Facsimile: (949) 725-4100 |
| 7 | SAMUEL MAWN-MAHLUA (will seek admission *pro hac vice*) |
| | Email: smawnmahlua@davismalm.com |
| 8 | THOMAS FRISARDI (will seek admission *pro hac vice*) |
| | Email: tfrisardi@davismalm.com |
| 9 | Davis, Malm & D'Agostine, P.C. |
| | One Boston Place |
| 10 | Boston, MA 02108 |
| | Telephone: (617) 589-3816 |
| 11 | Facsimile: (617) 305-3116 |
| 12 | Attorneys for Defendant |
| 13 | SPREADSHIRT, INC. |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC., | CASE NO. 2:11-cv-05070-RSWL-RZ |
| | Honorable Judge Ronald S.W. Lew |
| | Courtroom 21 |
| Plaintiff, | |
| vs. | **DEFENDANT SPREADSHIRT, INC.'S ANSWER TO COMPLAINT FOR TRADEMARK, RIGHT OF PUBLICITY AND COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION** |
| SPREADSHIRT, INC., VARIOUS JOHN DOES, JANE DOES, AND ABC COMPANIES, | |
| Defendant. | **JURY TRIAL DEMANDED** |

-1-

ANSWER

DOCSOC/1526250v1/102224-0001

Defendant Spreadshirt, Inc. ("Spreadshirt"), by and through its undersigned counsel, respectfully submits this Answer and Affirmative Defenses in response to the Complaint of Plaintiff Bravado International Group Merchandising Services, Inc. ("Bravado").

## ANSWER TO FIRST AMENDED COMPLAINT

## JURISDICTION AND VENUE

1. Spreadshirt lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Spreadshirt denies the allegations in paragraph 2, except admits that Spreadshirt has transacted business in the Central District of California.

3. Spreadshirt denies the allegations in paragraph 3, except admits that Bravado purports to bring claims alleging trademark infringement under the Lanham Trademark Act (15 U.S.C. 1051 et seq.) and that this Court has jurisdiction over those claims pursuant to 28 U.S.C. 1331 and 1338(a).

4. Spreadshirt denies the allegations in paragraph 4.

## PARTIES

5. Spreadshirt admits the allegations in paragraph 5, except lacks knowledge or information sufficient to form a belief on how Michael Jackson used his name, trademarks, likeness and logos to identify himself in the entertainment industry to distinguish himself from other professional entertainers.

6. Spreadshirt lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6.

7. Spreadshirt lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

8. Spreadshirt lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
ANSWER
DOCSOC/1526250v1/102224-0001

9. Spreadshirt denies the allegation in paragraph 9.

10. Spreadshirt denies the allegations in paragraph 10.

11. Spreadshirt denies the allegations in paragraph 11.

## FIRST ALLEGED CAUSE OF ACTION
### Violation of 15 U.S.C. 1125(a)

12. Spreadshirt repeats its responses to paragraphs 1 through 11 in response to the repetition of those allegations in paragraph 12.

13. Spreadshirt denies the allegations in paragraph 13, except admits that Bravado purports to bring this cause of action under 15 U.S.C. 1125(a) relating to trademarks, trade names, unfair competition and false descriptions in commerce.

14. Spreadshirt lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14.

15. Spreadshirt denies the allegations in paragraph 15.

16. Spreadshirt denies the allegations in paragraph 16.

17. Spreadshirt denies the allegations in paragraph 17.

18. Spreadshirt denies the allegations in paragraph 18.

19. Spreadshirt denies the allegations in paragraph 19.

20. Spreadshirt denies the allegations in paragraph 20.

21. Spreadshirt denies the allegations in paragraph 21.

## SECOND ALLEGED CAUSE OF ACTION
### Violation of 15 U.S.C. 1125(a)

22. Spreadshirt repeats its responses to paragraphs 1 through 11 and 13 in response to the repetition of those allegations in paragraph 22.

23. Spreadshirt denies the allegations in paragraph 23, except admits that Bravado purports to bring this cause of action under 15 U.S.C. 1125(a).

24. Spreadshirt lacks knowledge or information sufficient to form a belief

...

as to the allegations in paragraph 24.

25. Spreadshirt denies the allegations in paragraph 25.

26. Spreadshirt denies the allegations in paragraph 26.

27. Spreadshirt denies the allegations in paragraph 27.

28. Spreadshirt denies the allegations in paragraph 28.

29. Spreadshirt denies the allegations in paragraph 29.

## THIRD ALLEGED CAUSE OF ACTION

## Violation of Common Law Unfair Competition

30. Spreadshirt repeats its responses to paragraphs 1 through 11, 13 through 21 and 23 through 29 in response to the repetition of those allegations in paragraph 30.

31. Spreadshirt denies the allegations in paragraph 31.

32. Spreadshirt denies the allegations in paragraph 32.

33. Spreadshirt denies the allegations in paragraph 33.

34. Spreadshirt denies the allegations in paragraph 34.

35. Spreadshirt denies the allegations in paragraph 35.

## FOURTH ALLEGED CAUSE OF ACTION

## Trademark Dilution Under 15 U.S.C. 1125(c)

36. Spreadshirt repeats its responses to paragraphs 1 through 11, 13 through 21, 23 through 29 and 31 through 35 in response to the repetition of those allegations in paragraph 30.

37. Spreadshirt lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 37.

38. Spreadshirt denies the allegations in paragraph 38.

39. Spreadshirt denies the allegations in paragraph 39.

40. Spreadshirt denies the allegations in paragraph 40.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-
ANSWER
DOCSOC/1526250v1/102224-0001

## FIFTH ALLEGED CAUSE OF ACTION

### Copyright Infringement

41. Spreadshirt repeats its responses to paragraphs 1 through 11, 13 through 21, 23 through 29, 31 through 35 and 37 through 40 in response to the repetition of those allegations in paragraph 41.

42. Spreadshirt lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 42.

43. Spreadshirt lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 43.

44. Spreadshirt lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 44.

45. Spreadshirt denies the allegations in paragraph 45.

46. Spreadshirt denies the allegations in paragraph 46.

47. Spreadshirt denies the allegations in paragraph 47.

## SIXTH ALLEGED CAUSE OF ACTION

### Violation of Section 3344.1 of the California Civil Code

48. Spreadshirt repeats its responses to paragraphs 1 through 11, 13 through 21, 23 through 29, 31 through 35, 37 through 40, and 42 through 47 in response to the repetition of those allegations in paragraph 48.

48. [There are two paragraphs numbered 48 in the complaint.] Spreadshirt admits that Michael Jackson was a musical performer, but lacks sufficient information or knowledge sufficient to form a belief as to the balance of the allegations in paragraph 48.

49. Spreadshirt denies the allegations in paragraph 49.

50. Spreadshirt admits the allegations in paragraph 50.

51. Spreadshirt denies the allegations in paragraph 51.

52. Spreadshirt denies the allegations in paragraph 52.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
ANSWER
DOCSOC/1526250v1/102224-0001

53. Spreadshirt denies the allegations in paragraph 53.

54. Spreadshirt denies the allegations in paragraph 54.

## SEVENTH ALLEGED CAUSE OF ACTION

### Violation of Common Law Right of Publicity

55. Spreadshirt repeats its responses to paragraphs 1 through 11, 13 through 21, 23 through 29, 31 through 35, 37 through 40, 42 through 47 and 49 through 54 in response to the repetition of those allegations in paragraph 55.

56. Spreadshirt denies the allegations in paragraph 56.

57. Spreadshirt denies the allegations in paragraph 57.

58. Spreadshirt denies the allegations in paragraph 58.

## EIGHT ALLEGED CAUSE OF ACTION

### Unfair Competition Under Cal. Bus. & Prof. Code Section 17200 et. seq.

59. Spreadshirt repeats its responses to paragraphs 1 through 11, 13 through 21, 23 through 29, 31 through 35, 37 through 40, 42 through 47, 49 through 55 and 57 through 58 in response to the repetition of those allegations in paragraph 59.

60. Spreadshirt denies the allegations in paragraph 60.

61. Spreadshirt denies the allegations in paragraph 61.

62. Spreadshirt denies the allegations in paragraph 62.

63. Spreadshirt denies the allegations in paragraph 63.

## AFFIRMATIVE DEFENSES

By asserting these affirmative defenses, Spreadshirt does not admit that it necessarily bears the burden of proof or persuasion for the issues raised. Further, Spreadshirt has insufficient knowledge and information to form a belief as to whether additional defenses are available. Spreadshirt reserves the right to amend

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-
ANSWER
DOCSOC/1526250v1/102224-0001

its Answer to add, delete or modify defenses based on legal theories later divulged through clarification of the Complaint, discovery, change or clarification of the governing law, or through further legal analysis of Bravado's position in this litigation.  Subject to the foregoing, for its affirmative defenses, Spreadshirt asserts the following:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

65. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

71. Bravado delayed unreasonably in bringing its claim against Spreadshirt.

72. This delay prejudiced Spreadshirt.

## THIRD AFFIRMATIVE DEFENSE
### (Adequate Remedies at Law)

73. Bravado's claims for injunctive relief are barred because, even if Bravado were to prevail, Bravado has adequate remedies at law.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Secondary Meaning)

74. The alleged trademarks are not inherently distinctive and have not established secondary meaning.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-
ANSWER

DOCSOC/1526250v1/102224-0001

## FIFTH AFFIRMATIVE DEFENSE

### (Fair Use)

75. Any use of the alleged trademarks, copyrights or other purportedly protected material by Spreadshirt was fair use, and therefore not infringing.

## SIXTH AFFIRMATIVE DEFENSE

### (Non-Infringement of Trademark)

76. Even if Bravado's allegations are true, no actions taken by Spreadshirt complained of herein create a likelihood of confusion as to source or origin or any product or services.

## SEVENTH AFFIRMATIVE DEFENSE

### (Innocent Trademark Infringement by a Printer)

77. Any allegedly infringing action taken by Spreadshirt was taken only as a printer, and thus is governed by 15 U.S.C. 1114(2)(A).

78. Even if the allegations in the Complaint are true, Spreadshirt is at most an innocent infringer.

79. As a printer or publisher who is at most an innocent infringer, Spreadshirt cannot be held liable for any trademark infringement damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver of Right of Publicity)

80. Michael Jackson is a public figure, and as such has waived his right of publicity with respect to his public conduct.

81. Upon information and belief, Spreadshirt's alleged conduct concerned only matters relating to Michael Jackson's activities and persona as a public figure and is therefore not a violation of the right of publicity.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-
ANSWER

DOCSOC/1526250v1/102224-0001

### NINTH AFFIRMATIVE DEFENSE

**(No Conduct Entitling Award of Attorney's Fees or Costs)**

82    Bravado has not alleged facts, and Spreadshirt has not engaged in conduct, that entiAtle Bravado to an award of attorney's fees or costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Spreadshirt prays for the following relief:

A.    For a judgment dismissing the claims of the Complaint with prejudice and entering judgment in favor of Spreadshirt on said claims;

B.    For a judgment that Spreadshirt does not infringe, induce infringement, or contributorily infringe;

C.    For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Spreadshirt demands a trial by jury on all claims and issues so triable.

DATED:  November 10, 2011         STRADLING YOCCA CARLSON & RAUTH
                                  A Professional Corporation

                                  By:  /s/ Douglas Hahn
                                       JAN P. WEIR
                                       DOUGLAS Q. HAHN
                                       SALIL BALI
                                       Attorneys for Defendant
                                       SPREADSHIRT, INC.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-
ANSWER

DOCSOC/1526250v1/102224-0001

# CERTIFICATE OF SERVICE

I certify that on November 10, 2011, the foregoing document:

**DEFENDANT SPREADSHIRT, INC.'S ANSWER TO COMPLAINT FOR TRADEMARK, RIGHT OF PUBLICITY AND COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION**

**JURY TRIAL DEMANDED**

was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (the sealed version by email and redacted version by CM/ECF):

Kenneth A Feinswog, Esq.
Kenneth A Feinswog Law Offices
400 Corporate Pointe Suite 300
Culver City, CA 90230
T:  310-846-5800
F:  310-846-5801
Email: kfeinswog@aol.com

*Attorneys for Plaintiffs*
*BRAVADO INTERNATIONAL GROUP*
*MERCHANDISING SERVICES, INC.,*

Samuel Mawn-Mahlua, Esq.
(will seek admission pro hac vice)
Thomas Frisardi, Esq.
(will seek admission pro hac vice)
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA  02108
T:  617-589-3816
F:  617-305-3116
Email:  smawnmahlua@davismalm.com
Email:  tfrisardi@davismalm.com

*Co-Counsel for Defendant*
*SPREADSHIRT, INC.*

| /s/ Douglas Hahn | November 10, 2011 |
|---|---|
| Signature | Date |
| Douglas Hahn | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
CERTIFICATE OF SERVICE

DOCSOC/1526250v1/102224-0001