KENNETH A. FEINSWOG (State Bar No. 129562)
kfeinswog@aol.com
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 846-5800
Facsimile: (310) 846-5801

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT
# OF CALIFORNIA

| | |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>SPREADSHIRT, INC., VARIOUS JOHN DOES, JANE DOES, AND ABC COMPANIES,<br><br>Defendants. | CIVIL ACTION NO.<br>11-5070 RSWL-RZ<br><br>**[PROPOSED] PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL INFORMATION**<br><br>**DENIED**<br>BY ORDER OF THE COURT |

Pursuant to Fed.R.Civ.P. Rule 26(c), plaintiff and defendant through their respective counsel having stipulated with respect to the disclosure of confidential information by the parties in this litigation;

1

IT IS HEREBY ORDERED THAT:

1. This Order ("Order") shall govern the disclosure of information in this litigation by plaintiff or defendants, and any other parties to this litigation or any third parties. (The "Parties" referred to herein shall refer to parties to this litigation.)

2. "Information" shall include communications and recordings contained in testimony, documents as defined by Fed.R.Civ.P Rule 34(a), exhibits, pleadings, discovery responses, and all other mediums of expression. All designated Information produced, filed, served or otherwise obtained in this litigation, through discovery, trial or otherwise, shall be subject to the non-disclosure provisions of this Order.

3. Any Party may designate Information pursuant to this Order and shall be deemed the "Designating Party." In addition, any Party may, in advance, designate places or things subject to a discovery request for inspection or production pursuant to this order by informing counsel for the inspecting Party in writing, prior to such inspection, that such Information shall be deemed subject to this Order.

4. Information may be designated as "Confidential" or "Attorneys' Eyes Only".

5. As used herein, "Restricted Information" shall include and refer to both information designated as "Confidential" and information designated as "Attorneys' Eyes Only."

6. In the production of documents or responses to discovery by any Party hereto, Restricted Information shall be designated pursuant to this Order by marking or stamping each document in which such Restricted Information is contained. Such marking shall be made prior to the transmission of a physical

copy of such document to the Party requesting such document or response, and shall be in substantially the following form:

**"CONFIDENTIAL" [or] "ATTORNEYS' EYES ONLY"**

7. Any Party seeking to designate as "Restricted Information" documents or things produced by another Party or third-party in this litigation may do so by informing all counsel in writing of the confidential nature of the documents or things within 30 days of receipt. To designate any documents or things produced before the date hereof as Restricted Information, the Designating Party may send a letter designating such material with specificity to all counsel within ten days of the entry of this Order.

8. All parties in possession of materials designated by another Party as Restricted Information pursuant to the provisions of this paragraph will take necessary steps to mark as "Confidential" or "Attorneys' Eyes Only" the materials specified by the Designating Party, or provide such materials to the Designating Party for labeling.

9. Except as may be otherwise provided by this Order or by further order of the Court, access to information designated Confidential, as defined below, shall be limited to: (1) the Court and its officers, employees, or appointed neutral expert; (2) court reporters, stenographers and/or videographers at depositions, hearings or other proceedings in this litigation; (3) attorneys and in-house counsel for the parties, including the secretarial, legal assistants and office staffs of such attorneys; (4) persons engaged by attorneys of record in this litigation to assist them in the preparation of this litigation, including independent experts or consultants and their employees retained for purposes of this litigation, who are not employed by or consultants to any competitor of the parties; (5) the parties or employees of any Party who are providing assistance to counsel in this litigation;

(6) third parties retained to assist counsel in copying, imaging and/or coding documents; (7) insurers of the parties; (8) mediators or arbitrators; (9) any other person to which the parties stipulate to in writing or on the record in court or at deposition (collectively, the "Approved Persons").

10. Where Information is designated "Attorneys' Eyes Only," access to such Information shall be limited to the following: (1) attorneys, paralegals, secretaries, legal assistants, and support staff of the outside counsel retained by or representing any of the parties for purposes of prosecuting or defending this litigation; (2) independent experts or consultants who are not employed by or consultants to any competitor of the parties, who may be retained by outside counsel to assist them in the prosecution or defense of this litigation; (3) the Court and its officers, employees, or appointed neutral expert; (4) court reporters, stenographers and/or videographers at depositions, hearings or other proceedings in this litigation; (5) third parties retained to assist counsel in copying, imaging and/or coding documents; (6) any other person to which the parties stipulate to in writing or on the record in court or at deposition (collectively, the "Authorized Persons"). Authorized Persons shall not disclose Restricted Information that is designated "Attorneys' Eyes Only" to any person that is not an Authorized Person.

11. No Party and no person granted access to Restricted Information under this Order shall disclose Restricted Information, directly or indirectly, or any Information derived from Restricted Information, except as provided in this Order. Notwithstanding the foregoing, this Order does not restrict the right of the Designating Party to make such use or disclosure of its own documents or material which have been designated as Restricted Information as it otherwise is entitled to make.

12. Attorneys for the parties shall exercise reasonable care to ensure that when Restricted Information is used for the purposes permitted under the Order,

the circumstances of such use do not reveal the content of the Restricted Information to any unauthorized person. Any Approved Person, other than the Court and its officers and attorneys of record for the parties, having substantive (non-administrative) access to Restricted Information shall be informed of the Order by counsel permitting such access and shall agree to be bound thereto, and shall execute a declaration of compliance, in the form annexed hereto as Exhibit A, prior to having such access (which shall be maintained by the counsel of record for the Party permitting access). Approved Persons having access to Restricted Information shall not disclose such Information to any person not bound by this Order.

13. Any party seeking to disclose Restricted Information to any witness, including an Approved Person, at a deposition, hearing or other proceeding in this litigation, shall inform such witness of this Order. The witness shall agree in writing to be bound by the terms of this Order by executing a copy of Exhibit A (which shall be maintained by the attorneys of record for the Party seeking to reveal the Restricted Information to the witness) in advance of being shown the Restricted Information. The parties (and their counsel) shall request all witnesses to whom they seek to show Restricted Information to execute a copy of Exhibit A. Neither the parties nor their counsel shall discourage any witness from signing a copy of Exhibit A. However, if a witness refuses to execute a copy of Exhibit A, Restricted Information may not be disclosed to such witness.

14. Any deposition testimony may be classified as Restricted Information by indicating on the record at the deposition, or within fifteen (15) business days after receipt of the transcript of such deposition, that the examination or testimony discloses Restricted Information under the terms of this Stipulation and Order. The portions of the original deposition transcript, exhibits, and all copies of exhibits

thereto that contain material so designated shall be prominently marked with the appropriate designation on the cover thereof.

15. All Restricted Information filed or lodged with the Court shall be filed or lodged in securely sealed envelopes or other appropriately sealed containers, on which shall be endorsed:

    a. The title of this litigation;

    b. an indication of the nature of the contents;

    c. the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY INFORMATION"; and

    d. a statement substantially in the following form: "Contents SUBJECT TO PROTECTIVE ORDER. Not to be Opened or the Contents Revealed Except (1) by the Court and Then Resealed, (2) by Written Agreement of the Parties, or (3) by Order of This Court."

16. Any Party may at any time notify the other parties hereto in writing or upon the record of the deposition of its objection that a portion or all of the Information previously designated as Restricted Information is not entitled to such protection under the terms of this Order. The Parties shall first attempt, in good faith, to resolve such dispute by means of informal negotiation. If such negotiation fails to resolve the dispute, then, within ten (10) court days following the failure of such negotiations, or in the case of a deposition, within ten (10) court days after receiving a copy of the transcript excerpt wherein the objection was made, the party challenging the designation of particular Information as Restricted Information shall thereupon have the burden of moving the Court for an order terminating the designation. The Designating Party shall bear the burden of proving that the challenged designation is proper pursuant to the terms of this

Order and the Federal Rules of Civil Procedure. Information designated as Restricted Information shall retain its Restricted Information status until such time as either the parties expressly agree otherwise in writing or the Court orders otherwise. The Court shall have discretion to determine whether attorneys' fees and costs should be awarded in connection with a motion regarding whether a designation hereunder is proper.

17. All Restricted Information produced pursuant to this Order shall be maintained in a secure facility with all reasonable measures being taken by the Party with custody of such Restricted Information to ensure the protection of such Information in accordance with the terms of this Order.

18. If a Party to this Order (or its counsel) becomes aware that disclosure of Restricted Information has been made to other than an Approved or Authorized Person, such Party (or its counsel) shall immediately inform counsel for the Party whose Restricted Information has thus been disclosed of all relevant Information concerning the nature and circumstances of such disclosure, and shall promptly take all reasonable measures to prevent further or greater unauthorized disclosure of the Restricted Information.

19. If Information subject to a claim of attorney-client privilege or work product is inadvertently disclosed or produced to another party, such disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege or work product to which the disclosing party or other person would otherwise be entitled. If a claim of inadvertent disclosure is made, pursuant to this paragraph, with respect to Information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent disclosure has been made. The party returning such material may then move the Court for an order compelling production of the material.

20. Upon final termination of this litigation (including exhaustion of all avenues of appeal) the Restricted Information, except for that incorporated in pleadings, deposition transcripts designated as Restricted Information, and the work product of counsel for parties to this litigation, shall either be assembled and returned to the Designating Party or destroyed within sixty (60) days of the final termination of this litigation.

21. This Order shall be without prejudice to the right of any party to challenge the propriety of discovery on other grounds, and nothing contained herein shall be construed as a waiver of any applicable privilege or any objection that might be raised as to the admissibility at trial of any evidentiary material. The execution of this Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any party on any motion provided for herein, or in any other proceeding in this litigation, nor shall this Order be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order.

22. The parties reserve all rights to apply to the Court for an order modifying this Order or seeking further protection on this or other issues, and this Order shall not be construed to preclude a party from applying for or obtaining such further protection.

23. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this litigation, and the Court shall retain jurisdiction with respect to this Order following termination of this litigation.

24. No part of the terms, conditions or limitations imposed by this Order may be modified or terminated except by (a) written stipulation executed by counsel of record for each party hereto or (b) further order of the Court.

25. Any third party upon whom the parties serve a subpoena requesting documents or other Information in this litigation may avail themselves of the protections provided by this Order by signing the attached Declaration of Compliance and appropriately designating Information as "Confidential" or "Attorneys' Eyes Only" as described above.

_____
THE HONORABLE RONALD S. W. LEW

The proposed order is denied.

FED. R. CIV. P. 26(c) requires a showing of good cause for the entry of a protective order, and the Court must find good cause even if the parties have stipulated to the existence of a protective order. *Jepson Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). A good cause showing is a particularized showing with respect to documents or categories, and it must be demonstrated that a party will suffer some identified prejudice. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *Rivera v. NIBCO, Inc.* 384 F.3d 822 (9th Cir. 2004); 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2035, p. 265 (1970), cited with approval in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 n. 15 (1981). No such showing has been made here.

The requested order is denied. The parties may, of course, enter into a stipulation among themselves, without a court order, so long as court deadlines are not affected. FED. R. CIV. P. 29.

Dated: May 14, 2012           ___/s/ Ralph Zarefsky___
                              UNITED STATES MAGISTRATE JUDGE

**Declaration of Compliance with Protective Order**

1. My name is _____.
I live at_____, _____, _____
and am employed as _____ (position) at
_____,
_____ (name and address of employer).

2. I have read the Protective Order that has been entered in this case, and a copy of it has been provided to me. I understand the provisions of this Protective Order, and agree to comply with and to be bound by its provisions.

3. I will not reveal Restricted Information to anyone, except as permitted by the Protective Order and will maintain all Restricted Information in a secure manner to prevent unauthorized access to it. I will use Restricted Information only for purposes of the above-referenced litigation.

4. Not later than thirty (30) days after the conclusion of this action, I will return any Restricted Information, including copies or notes thereof, to the Party or attorneys who provided me with the Restricted Information.

5. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for the sole purpose of enforcing the Protective Order and any other related orders of the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___ day of _____, 2012, at _____, _____.

_____
Signature

10